United States District Court
Southern District of Texas
**ENTERED**
February 27, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| MUHARIB INVESTMENT GROUP,<br>*Plaintiff,*<br><br>V.<br><br>KEVIN STARKS ET AL.,<br>*Defendants.* | § <br> § <br> § <br> §    CIVIL ACTION NO. 4:24-CV-0418 <br> § <br> § <br> § |

## MEMORANDUM AND RECOMMENDATION

On February 5, 2024, Plaintiffs Kevin and Laura Starks, pro se, filed a "Notice of Removal," attempting to remove the case *Muharib Investment Group v. Kevin Starks et al.*, Cause No. 23-CCV-073903, from the Fort Bend County Court at Law 6 to this federal court. ECF 1. This is the second time Defendants wrongly have attempted to remove this case to federal court. *See Muharib Investment Group v. Starks*, Civil Action No. 4:23-cv-4609, slip. Op. January 18, 2024. Having reviewed the Notice of Removal, the Court recommends that this case be REMANDED to the County Court at Law from which it was removed.

Federal jurisdiction is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party invoking this Court's removal jurisdiction bears the burden of establishing the existence of federal jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)

(citations omitted). The party invoking removal must establish both federal jurisdiction and compliance with the procedure for proper removal to federal court. *See Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1341 (S.D. Tex. 1995). Federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining what is known as the "well-pleaded complaint rule."). Generally, under the well-pleaded complaint rule, a plaintiff is the master of its claim and may avoid federal jurisdiction by relying exclusively on state law. *Id.* It has been well-settled law for decades that a case may *not* be removed on the basis of a federal defense. *Id.* at 393; *Parish of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 375 n.1 (5th Cir. 2021) (citing *Caterpillar*, 482 U.S. at 393). Defendants cannot cannot create federal subject matter jurisdiction by simply raising federal questions as defenses or counterclaims. *G&I IX Steeplechase v. Collins*, No. 4:23-CV-3358, 2024 WL 98207, at *3 (S.D. Tex. Jan. 9, 2024) (ordering remand of state court case for forcible entry and detainer under Texas state law). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendants' Notice of Removal does not comply with 28 U.S.C. § 1446(b) because it was not filed within 30 days of the filing of Plaintiff's Complaint for

forcible detainer, which Defendants assert was filed on July 12, 2023.[1] ECF 1 at 2. In addition, the Notice of Removal does comply with Local Rule of the Southern District of Texas 81 because it does include any of the required attachments: (1) all executed process; (2) all pleadings and answers; (3) all order signed by the state judge; (4) the state court docket sheet; (5) an index of matters being filed; and (6) a list of counsel of record.

Moreover, it is apparent from the face of the Notice of Removal that this Court does not have federal subject matter jurisdiction over this case. The state court action was initiated by Muharib Investment Group's Complaint for Forcible Detainer seeking possession of property occupied by Defendants. ECF 1 at 2. The Notice of Removal gives no indication that a federal cause of action is asserted in the state court action. Defendants concede that to the extent there are any federal claims in the case, they are raised by Defendants as defenses to Muharib Investment Group's Complaint. *Id.* at 4. In addition, Defendants' constitutional allegations are frivolous because Plaintiff is a private party, not a state or government actor. *See Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 236 (5th Cir. 2022) (explaining that the Fifth Amendment limits federal actors while the Fourteenth Amendment limits state actors). Defendants were previously informed of this legal

---

[1] In its Motion for Remand filed in *Muharib Investment Group v. Starks*, Civil Action No. 4:23-cv-4609 (ECF 2), Plaintiff represented that it initiated eviction proceedings due to non-payment of rent in May 2023 and the matter was set for a bench trial in County Court at Law No. 6 on December 12, 2023 prior to the first improper removal.

deficiency in their case in the January 17, 2024 Order dismissing Civil Action No. 23-cv-4609.

Defendants make passing reference to diversity jurisdiction. ECF 1 at 2 (stating "Diversity Jurisdiction exists as one or more defendants are from another state"). Defendants have not established diversity jurisdiction because they do not identify the citizenship of any party. The Notice of Removal establishes that Defendants are residents of Missouri City, Texas. ECF 1 at 5. Plaintiff Muharib Investment Group is also a citizen of Texas for diversity purposes. *See Muharib Investment Group v. Starks*, Civil Action No. 4:23-cv-4609, slip. Op. January 18, 2024. Therefore, there is not complete diversity between the parties and diversity subject matter jurisdiction does not exist.

The district court in *Muharib Investment Group v. Starks*, Civil Action No. 4:23-cv-4609 awarded Plaintiff $200.00 in attorney's fees and expenses for improper removal in order to "serve the statutory goal of deterring improper removal, while remaining fair and reasonable given Defendant's *pro se* status." *Id.* In this case, the Court did not wait for Plaintiff to appear and make a motion before recommending remand, saving Plaintiff time and expense. However, it is clear that the prior $200.00 award did not act as a deterrent to Defendants. Pursuant to Federal Rule of Civil Procedure 11(b), by signing the Notice of Removal the pro se Defendants represented that to the best of their knowledge the Notice of Removal

was not being filed for an improper purpose and was warranted by existing law. Given the clear rulings by the district court in the January 17, 2024 Order in Civil Action No. 4:23-cv-4609, Defendants signed the Notice of Removal in clear violation of Rule 11(b).  Therefore, the Court RECOMMENDS that this case be REMANDED to Fort Bend County Court at Law 6 from which it was improperly removed and that Defendants be ORDERED to pay $500.00 as a sanction for intentional violation of Rule 11(b) by filing a frivolous Notice of Removal.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 27, 2024, at Houston, Texas.

Christina A. Bryan  
United States Magistrate Judge