United States District Court
Southern District of Texas
**ENTERED**
March 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MUHARIB INVESTMENT GROUP, Plaintiff, | § § § § § | CIVIL ACTION NO 4:24-cv-00418 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| KEVIN STARKS and LAURA STARKS, Defendants. | § § § | |

ORDER ADOPTING MEMORANDUM AND
RECOMMENDATION AND ORDER ON REMAND

Defendants Kevin and Laura Starks, proceeding *pro se*, removed this case from Fort Bend, Texas County Court at Law No 6. Dkt 1.

Pending is a Memorandum and Recommendation by Magistrate Judge Christina A. Bryan, recommending that (i) this case be remanded to state court for lack of subject-matter jurisdiction, and (ii) Defendants be sanctioned $500.00 because this is the second time they have improperly removed this case from state court. See *Muharib Investment Group v Starks*, Civil Action No 4:23-cv-4609.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing

*Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Defendants filed objections. Dkt 4. They argue that the case is properly in federal court based on diversity jurisdiction and federal question jurisdiction.

Upon *de novo* review and determination, Defendants' objections lack merit.

The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001). Defendants have failed to meet that burden here.

*As to diversity jurisdiction,* Defendants in their objections assert that Defendant Laura Starks is a California resident. Dkt 4 at 8, 10. But diversity jurisdiction under §1332 exists only if there is *complete* diversity of citizenship between the parties. See *Fermin v Priest of St. Mary–Marfa, Tex*, 775 Fed Appx 162, 162 (5th Cir 2019) (unpublished); see also *Jones v 24 Hour Fitness USA Inc*, 2020 WL 1429742, \*1 (SD Tex). And nothing in the record indicates that Defendant Kevin Starks and Plaintiff Muharib Investment Group aren't themselves Texas residents. Defendants thus haven't established complete diversity for purposes of jurisdiction here.

*As to federal question jurisdiction,* Defendants in their objections assert that there are constitutional claims involved in this action. To the contrary, the record doesn't establish that "a federal question is presented on the face of plaintiff's properly pleaded complaint." *PCI Transportation Inc v Fort Worth & Western Railroad Co*, 418 F3d 535, 543 (5th Cir 2005) (quotation omitted). Indeed, Defendants haven't even entered a copy of the complaint into the record. Still, from the documents that are on file, it appears that constitutional issues arise only as asserted *by Defendants*. See Dkt 1 at 2 (arguing that lawsuit violates Defendants' constitutional rights), 4 (point heading stating "*Defendants* have asserted three causes of action for

2

violation of the United States Constitution" (emphasis added)). A federal defense isn't sufficient to establish federal question jurisdiction.

And irrespective of these objections, the Memorandum and Recommendation also recommends remand because the notice of removal was untimely. Dkt 3 at 2–3. Remand is warranted on that basis alone.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Defendants to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 4.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 3.

Defendants are ORDERED to pay $500.00 in sanctions to Plaintiff Muharib Investment Group.

This case is REMANDED Fort Bend, Texas County Court at Law No 6.

The Clerk is ORDERED to provide a copy of this Order to the Clerk of Fort Bend, Texas County Court at Law No 6.

SO ORDERED.

Signed on March 29, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

3